## Hartman Appeal

*Milton Lowy*, for appellant.

*Francis J. Gildner*, for Commonwealth.

DIEFENDERFER, J., July 2, 1951.—After hearing the above case the court sustains the appeal of Erwin P. Hartman. In support thereof the court makes the following findings of fact:

1. Defendant herein voluntarily submitted himself for examination at Selinsgrove State Colony for Epileptics and it would appear from this examination that defendant has never suffered an epileptic seizure.

2. His driver's license was suspended by the Commonwealth of Pennsylvania.

3. The procedure was brought under section 615 (*a*) of The Vehicle Code of May 1, 1929, P. L. 9051, and the question arose whether or not the procedure was properly brought under this section or whether it should have been brought under section 615 (*b*).

4. The secretary suspended the license on November 16, 1950, and defendant arranged for a hearing on December 1, 1950, at which time defendant and his attorney, Milton Lowy, appeared and testimony was taken. On December 2, 1950, defendant presented his

appeal to this court asking for supersedeas and restoration of his license.

Defendant operated his taxi on or about the middle of July 1950, and he suffered some sort of an attack just beyond Twelfth Street; he pulled the cab over to the side of the road and stopped. After a period of 10 minutes the passengers in the car were taken home.

Officer Arthur E. Sell, Allentown police force, testified as to an incident of October 14, 1949, where defendant had parked near Sixth and Hickory Streets. The officer stopped him and insisted that he go to the hospital. He said: "I will be all right after a while." The officer, however, took him to the hospital because he thought something was the matter with the man, but he could not tell what. The hospital intern told him to remain for observation until the following morning. The intern at the hospital was not present in court and is no longer at the hospital. The patient, however, left the hospital signing his own release at 11:45 p.m. after having been admitted on or about 7:30 p.m. on October 14, 1949.

From an examination of the hospital record it appears that in October 1941 he was taken to Temple University.

A witness, Rev. Clarence R. Rahn, testified that he had known defendant all his life and had never known him to suffer from epilepsy. He said defendant does not drink liquor and his reputation as to character and sobriety is very good.

Another witness, Alan G. Kern, testified that he rides with defendant in his cab regularly; that he is general agent for a railroad company and sometimes uses the cab twice a week. He was a passenger in the car at the time of the incident in July 1950. He rode in the front seat with defendant and when defendant turned toward the curb and pointed to his hand he grabbed the hand because it seemed frozen to the wheel.

Defendant, however, steered his cab to the curb. After the incident defendant drove the witness home and two women passengers remained in the car. The witness continued to ride the cab next week and whenever he was available. He considers defendant a safe driver. The women passengers were buyers for Hess Brothers and Leh's Stores in Allentown. He never before had given evidence of epileptic seizures. The incident lasted but a short time in July 1950.

Dr. William Behringer stated that he was chief of staff at the Allentown Osteopathic Hospital and attended defendant about four years ago. He also examined him a few days before the hearing and stated that he treated him four years ago for a spastic condition in his right leg and thus prior to hearing in court he had a rigidity on his right side, exaggerated more in the lower extremities than the upper extremities, but he has no difficulty in judgment, speech or memory. Both Dr. Behringer and a Dr. White, also on the staff of the Allentown Osteopathic Hospital, concurred that the condition of the right leg should not affect his ability to drive. Defendant has a spasmatic condition which is very often the aftermath of a brain operation.

Another police officer, Michael J. Hamcharik, Allentown police force, testified that defendant parked his cab on Seventh Street three and one-half years and recommended him as a safe driver from what he had observed.

Dr. Gabriel A. Schwarz, whose office is at 255 South Seventeenth Street, Philadelphia, and who also has an office at 941 Hamilton Street, Allentown, Pa., testified that in September 1941 defendant was a patient at the neurological clinic at Allentown Hospital and recommended that defendant go to the University of Pennsylvania for further study. A Dr. Grant performed an operation on the skull and exposed the surface of the brain. He found a mass of abnormal blood vessels,

much like varicose veins lying on the surface of the brain. He was treated for this condition.

Dr. Schwarz testified that for nine years defendant had been free of any major seizures which resulted in loss of consciousness and has been totally coöperative and, in his opinion, he thought defendant had been a responsible person as far as driving a car is concerned. The doctor also testified that if he had an attack he would get advance notice and could stop and park his car.

There is no convincing, conclusive testimony by anyone, including the physicians called in this case, covering his inability to drive, and therefore he is entitled to an operator's license.

And now, July 2, 1951, the appeal of Erwin F. Hartman is sustained and the Secretary of Revenue is directed to reinstate the license of Erwin F. Hartman.